JACOB R. MAZUR, Appellant, *v.* MORRIS A. URBACH, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1913.)

Conversion — action for — negotiable instruments — destruction of check.

> Where a check drawn to plaintiff's order by defendant was indorsed to one who cashed it, and, upon discovery at the bank where he had sent it for deposit that the written amount differed from that stated in figures, was returned and redelivered to plaintiff with the request that the mistake be rectified, and on such request defendant's son destroyed the check upon a claim that the goods sold by plaintiff to defendant, for which the check was given, were not up to sample, the dismissal of the complaint in an action for the conversion of the check is error.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint.

Samuel Reichler, for appellant.

Samuel Katz, for respondent.

WHITAKER, J. This is an action for conversion. Defendant gave plaintiff a check dated March seventh payable to plaintiff's order; the amount written in the body of the check was $100.96/100 and the amount

stated in the figures was $118.96. This check was given for goods sold and delivered by the plaintiff to defendant. Plaintiff presented this check to be cashed to one Wolf Gold and indorsed the same over to him. Gold sent the check for deposit to his bank when the difference in the amounts on the face of the check was discovered. The check was returned to Gold from the bank, and Gold delivered the check back to plaintiff with the request that he get the maker to rectify the mistake. Plaintiff took the check back to the defendant for that purpose and requested that it be corrected. Defendant's son took the check and destroyed it upon the claim that the goods sold by plaintiff to defendant, for which the check was given, were not up to sample, and that $15 on that account was due from plaintiff to defendant.

After the trial the learned justice dismissed the complaint upon the ground that "the proper party is not suing here." This was error. The plaintiff was in the actual possession of the check which gave him the right to maintain the action. In addition to this he had an equitable title in the check, inasmuch as the person who had cashed it had returned it to him for correction, in default of which plaintiff would have been compelled to take the check back. Stowell v. Otis, 71 N. Y. 37; Wheeler v. Lawson, 103 id. 45; Abrahamovitz v. New York C. R. Co., 54 Misc. Rep. 540.

The question as to whether the proper defendant was Morris A. Urbach or his son who actually destroyed the check was not raised and is not decided.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Lehman and Bijur, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.